IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02417-SKC-KAS

ASSOCIATION OF HOME APPLIANCE MANUFACTURERS,

    Plaintiff,

v.

JILL HUNSAKER RYAN, Executive Director of the Colorado Department of Public Health & Environment (CDPHE), in her official capacity;
JEFF LAWRENCE, Director of the Environmental Health and Sustainability Division of the CDPHE, in his official capacity; and
PHIL WEISER, Colorado Attorney General, in his official capacity,

    Defendants.

**MOTION TO STRIKE OR, IN THE ALTERNATIVE,
TO SET RESPONSIVE PLEADING DEADLINE**

In this action, the Association of Home Appliance Manufacturers seeks to enjoin enforcement of a duly enacted state law. On the evening of August 5, 2025, just four business days after raising the specter of litigation with Defendants, the Association filed suit alongside a 51-page motion requesting emergency and *ex parte* relief. At 51 pages and over 15,000 words, the motion is not only three times this Court's page limits for motions practice, it is more than double the page or words limits imposed by every judge in this district except the one senior judge whose practice standards do not include page limitations. Exacerbating that excess, the Association attached more than 500 pages of supporting declarations and exhibits to

its Motion. All while asking to proceed to expedited proceedings on a significant constitutional question.

Considering this Court's 15-page limit for motions, the Court should strike the Association's over-length Motion. In the alternative, Defendants respectfully request leave to file an over-length response to the Association's Motion, not to exceed 35 pages, and for an extra week to respond to the Association's voluminous request, up to and including September 3, 2025.

As good cause for this request, Defendants state:

1. Counsel for Defendants conferred with counsel for the Association concerning the relief requested in this Motion and broader case management deliberations. The parties are continuing to confer in the hope of reaching a mutually agreeable case management schedule, at least as to the Association's request for preliminary relief.

2. In the interim, though, counsel for the Association provided this position on Defendants' Motion: "AHAM opposes Defendants' motion to strike both because it is unclear that any page limitations apply to a motion for emergency relief filed where no judge had yet been assigned and because there is no prejudice to Defendants given that temporary restraining orders often are entered prior to responsive briefing. Moreover, the length of AHAM's motion for emergency relief is appropriate given the complex legal issues and factual background presented by the challenged legislation. AHAM does not oppose the State's request for additional

2

time and additional pages to respond, so long as the Court enters a temporary restraining order to enjoin House Bill 25-1161 from going into effect pending resolution of AHAM's motion for preliminary injunction. In the absence of a temporary restraining order, AHAM believes it is necessary to proceed with resolution of the request for preliminary injunction without further delay given the significant First Amendment rights and consumer interests at stake."

3. The Defendants and their counsel certify that no portion of this filing was drafted by Artificial Intelligence.

4. Under this Court's practice standards, "all motions . . . and concomitant briefs shall not exceed fifteen (pages)." SKC Civ. Practice Standard 10.1(c)(1).

5. Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, (Doc. 1), is 51 pages and 15,293 words.

6. Although this action had not yet been drawn to this Court when the Association filed its Motion, the Motion is more than double the limitations set by every active judge in this district, and more than double the limitations imposed by every judge to whom this case could have been drawn except one.

7. It also exceeds the word limits imposed by the Tenth Circuit, Fed. R. App. P. 32(a)(7)(A) (30 pages or 13,000 words), and U.S. Supreme Court. R. of the Sup. Ct. 33.1(g)(v) (13,000 words). The Association's Motion was not only virtually

certain to exceed the limits set by whichever judge it was drawn to, it would have been overlength at any level of the federal judiciary.

8. Compounding the prejudice caused by this overlength filing, the Association attached over 500 pages to its Motion, consisting of four separate declarations with 44 total exhibits attached to those declarations.

9. Defendants are sympathetic to the Association's belief that this case implicates important questions of law and science and that explicating these matters takes time and space.

10. But the voluminous nature of the Association's filings, combined with the request for expedited injunctive relief, threatens to prejudice Defendants' ability to mount a coherent and equally-considered defense of state law.

11. "In the Tenth Circuit, striking or disallowing pleadings that fail to comply with either the Local Rules of Practice or standard practice rules is an appropriate remedy." *Agri-Sys. v. Structural Techs., LLC*, No. 19-cv-02238-CMA-STV, 2025 WL 1724397, at *7 (collecting cases).

12. Accordingly, Defendants respectfully request that the Court strike the Association's overlength Motion.

13. In the alternative, Defendants request to be placed on equal footing with the Association. Specifically, Defendants request leave to file an opposition to the Association's Motion not to exceed 35 pages. Although more than double the Court's standard limit, 35 pages is still significantly less than the Association's 51-

4

page brief. Defendants also request that the 21-day response deadline applicable to motions be extended to 28 days to give Defendants sufficient time to digest and respond to the 51 pages of briefing and 500 pages of supporting materials filed by the Association.

14. If the Court determines that striking the Association's Motion is unwarranted, this alternative relief will offer Defendants similar time and space to what the Association considered necessary to address the issues in this action.

Accordingly, Defendants respectfully request an order striking Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction as exceeding the Court's page limits. In the alternative, Defendants request an order 1) permitting them to file a response to Plaintiff's Motion not to exceed 35 pages, and 2) extending Defendants' deadline to respond to the Motion to 28 days from the date of service, or September 3, 2025.

Respectfully submitted this 11th day of August, 2025.

          PHILIP J. WEISER
          Attorney General

          s/ Peter G. Baumann
          *Michael Landis*
          First Assistant Attorney General
          Water Quality Unit | Natural Resources &
           Environment Section
          *Peter G. Baumann*
          Senior Assistant Attorney General
          Public Officials Unit | State Services Section
          Colorado Department of Law
          Ralph L. Carr Colorado Judicial Center
          1300 Broadway
          Denver, CO 80203
          Telephone: 720.508.6000
          michael.landis@coag.gov
          peter.baumann@coag.gov

          *Attorneys for Defendants*