IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02417-SKC-KAS

ASSOCIATION OF HOME APPLIANCE MANUFACTURERS,

    Plaintiff,

v.

JILL HUNSAKER RYAN, Executive Director of the Colorado Department of Public Health & Environment (CDPHE), in her official capacity;
JEFF LAWRENCE, Director of the Environmental Health and Sustainability Division of the CDPHE, in his official capacity; and
PHIL WEISER, Colorado Attorney General, in his official capacity,

    Defendants.

**JOINT MOTION TO SET BRIEFING SCHEDULE AND HEARING AND STIPULATION TO TEMPORARILY STAY ENFORCEMENT**

On August 5, 2025, the Association of Home Appliance Manufacturers filed suit seeking to enjoin enforcement of HB25-1161. Compl. (Doc. 9). The same day, the Association filed a Motion for a Temporary Restraining Order and Preliminary Injunction. Mot. (Doc. 1). On August 11, 2025, the Court denied Plaintiff's Motion without prejudice. (Doc. 24).

In the wake of the Association's filings, the parties have engaged in productive conferrals concerning the important issues implicated by Plaintiff's Motion. The parties agree that the questions of law and science raised in the Motion deserve considered treatment. Accordingly, the parties have reached an agreement on enforcement of the law pending resolution of the Association's Motion, so that

Defendants can enjoy sufficient time to develop the legal and expert records necessary to adequately respond to the Association's Motion.

Specifically, the parties stipulate and propose as follows:

1. Under HB25-1161, retailers of gas-fueled stoves must include labels on gas-fueled stoves sold in Colorado, and online when offering gas-fueled stoves to consumers in Colorado. § 25-5-1602(1), (2), C.R.S. (2025). Failure to do so constitutes a deceptive trade practice under the Colorado Consumer Protection Act ("CCPA"). § 6-1-105(1)(kkkk). The CCPA is enforced, in part, by the Attorney General. § 6-1-107(1).

2. The Attorney General agrees not to initiate enforcement actions under the CCPA for alleged violations of section 25-5-1602 that occurred or may occur on or before 14 days after the date the Court issues a ruling on the Association's forthcoming renewed Motion for a Preliminary Injunction.

3. The parties stipulate that the Association will file a renewed Motion for a Preliminary Injunction in accordance with the Court's Order dated August 11, 2025, on or before **August 19, 2025**.

4. The parties stipulate that Defendants' response to the Motion for a Preliminary Injunction will be due on or before **September 30, 2025**.

5. The Association's Reply in Support of its Motion for a Preliminary Injunction will be due on or before **October 21, 2025**.

y

6. The parties will conduct and conclude limited expert discovery, consisting of depositions of any experts used in connection with the Motion for a Preliminary Injunction, on or before **October 21, 2025**.

7. The parties further propose a one-day hearing on the Motion be set for a date of the Court's convenience, preferably in early-November.

8. Finally, to facilitate the parties' focus on the preliminary injunction, the parties request that the Court vacate the Scheduling Conference scheduled for September 22, 2025, and stay all case management and initial disclosure deadlines pending the Court's resolution of the forthcoming Motion for a Preliminary Injunction.

Accordingly, in recognition of the Attorney General's agreement not to enforce section 25-5-1602 until after the Court rules on Plaintiff's Motion for a Preliminary Injunction, the parties respectfully request an order setting forth the following:

- Plaintiff's deadline to file a renewed Motion for a Preliminary Injunction is **August 19, 2025**.

- Defendants' deadline to respond to the Motion for a Preliminary Injunction is **September 30, 2025**.

- Plaintiff's deadline to reply in support of the Motion for a Preliminary Injunction is **October 21, 2025**.

- Limited expert discovery, consisting of depositions of any experts used in connection with the Motion for a Preliminary Injunction, shall be concluded on or before **October 21, 2025**.

- A one-day hearing on Plaintiff's Motion for a Preliminary Injunction will be set on a date of the Court's convenience, preferably in early-November.

- The Scheduling Conference set for September 22, 2025, is **vacated**.

- All case management and initial disclosure deadlines arising under Rule 16 or Rule 26 are **stayed** pending resolution of the forthcoming Motion for a Preliminary Injunction.

## AI CERTIFICATION

The parties certify that no portion of this filing was drafted by artificial intelligence.

Respectfully submitted this 13th day of August, 2025.

| | |
|---|---|
| s/ Andrew M. Unthank<br>Frederick R. Yarger<br>Andrew M. Unthank<br>Herman J. Hoying<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202-5647<br>Telephone:  303.244.1800<br>Facsimile:  303.244.1879<br>Email:  yarger@wtotrial.com<br>unthank@wtotrial.com<br>hoying@wtotrial.com<br><br>Attorneys for Plaintiff Association of Home Appliance Manufacturers | PHILIP J. WEISER<br>Attorney General<br><br>s/ Peter G. Baumann<br>*Michael Landis*<br>First Assistant Attorney General<br>Water Quality Unit \| Natural<br>  Resources & Environment Section<br>*Peter G. Baumann*<br>Senior Assistant Attorney General<br>Public Officials Unit \| State Services<br>  Section<br>Colorado Department of Law<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>Telephone:  720.508.6000<br>michael.landis@coag.gov<br>peter.baumann@coag.gov<br><br>*Attorneys for Defendants*<br>*Counsel of Record |