IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02417-SKC-KAS

ASSOCIATION OF HOME APPLIANCE MANUFACTURERS,

    Plaintiff,

v.

JILL HUNSAKER RYAN, Executive Director of the Colorado Department of Public Health & Environment (CDPHE), in her official capacity;
JEFF LAWRENCE, Director of the Environmental Health and Sustainability Division of the CDPHE, in his official capacity; and
PHIL WEISER, Colorado Attorney General, in his official capacity,

    Defendants.

## MOTION TO DISMISS CDPHE DEFENDANTS

In general, the Eleventh Amendment bars "unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Practically, it means that state officials sued in their official capacity, like the Defendants here, are immune. *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024).

Under *Ex parte Young*, 209 U.S. 123 (1908), a narrow exception exists for suits against a state official seeking prospective relief to enjoin an ongoing violation of federal law. *Anderson*, 119 F.4th at 736. But to fall within the scope of that exception, "the state official 'must have some connection with the enforcement' of

the challenged statute." *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (quoting *Ex parte Young*, 209 U.S. at 157).

The statute at the heart of this case prohibits a retailer from selling a new gas-fueled stove in Colorado unless the display model bears a particular label. The Association of Home Appliance Manufacturers ("AHAM") has sued the Colorado Attorney General and two officials from the Colorado Department of Public Health and the Environment ("CDPHE") under the First Amendment and on behalf of its members to enjoin enforcement of that law. But because neither Jill Hunsaker Ryan nor Jeff Lawrence (the "CDPHE Defendants") have any role in enforcing the law, the *Ex parte Young* exception does not apply. The only obligation the CDPHE Defendants have is to develop a website with certain information about gas-fueled stoves. But there is no plausible allegation that drafting and publishing that website, alone, violates the First Amendment. For that reason, the CDPHE Defendants are entitled to dismissal.

## FACTUAL BACKGROUND

This case arises out of HB25-1161, passed by the General Assembly and signed into law earlier this year. "[T]he law functions through a two-part system." Compl. (Dkt. 9) ¶ 90. First, CDPHE was required to draft and publish a website with "credible, evidence-based information on the health impacts of gas-fueled

2

stoves." § 25-5-1602(4), C.R.S. (2025). CDPHE has fulfilled that requirement. *See* Compl. ¶ 85.

AHAM does not contest CDPHE's authority to create that website. Instead, AHAM's First Amendment challenge relates to the law's second part, the labeling requirement. Under the statute, a retailer is prohibited from selling a new gas-fueled stove in Colorado unless the display model (or website for online sales) bears a label that reads: "Understand the air quality implications of having an indoor gas stove." §§ 25-5-1602(1)(a), (3) (the "Labeling Requirement"). This label must also include a website link or QR-code that directs to the website published by CDPHE. § 25-5-1602(1)(b).

Once CDPHE publishes the website, it has no further obligations under the law. Instead, the General Assembly directed that the Labeling Requirement be enforced through Colorado's Consumer Protection Act. § 25-5-1603. Under the CCPA, the Attorney General and local district attorneys are the public officials responsible for enforcing the law. § 6-1-103. The CCPA also includes a private right of action. § 6-1-113.

In this action, AHAM sues the Attorney General and the CDPHE Defendants seeking declaratory and injunctive relief. Compl. at 35-36. As to the CDPHE Defendants, the Complaint indicates that they have "oversight of the agency and division . . . responsible for developing . . . the specific content on the CDPHE

webpage that AHAM members are required to publish and tacitly endorse" through the Labeling Requirement. Compl. ¶ 13. AHAM includes no allegations regarding CDPHE's authority or intention to enforce the Labeling Requirement. In fact, the Complaint recognizes that CDPHE has disclaimed enforcement authority under the law. Compl. ¶ 82 (quoting a CDPHE official as saying: "That said, the department does not have enforcement authority under this law . . . which falls under the jurisdiction of the Attorney General's Office.").

Nonetheless, in addition to an injunction prohibiting Attorney General Weiser from enforcing the Labeling Requirement, AHAM also seeks an injunction prohibiting the CDPHE Defendants "from publishing on the government website mandated by HB25-1161 any content that would mislead consumers." Compl. at 36.

## LEGAL STANDARD

"[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court[.]" *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Accordingly, "such immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558–59 (10th Cir. 2000). "[T]he issue must be resolved before a court may address the merits of the underlying claim." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002) (internal citation omitted).

AHAM bears the burden of establishing subject matter jurisdiction, because it is "the party asserting the jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). A Rule 12(b)(1) motion may take the form of either a facial or a factual attack. Because the CDPHE Defendants are making a facial attack on the Complaint, the Court should accept the well-pleaded factual allegations of the Complaint as true. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013). "However, [the Court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1206 (internal citation omitted).

## ARGUMENT

In this action, AHAM alleges that the gas stove labeling law infringes on its members' First Amendment rights by requiring them to "publish and tacitly endorse" "the State's preferred message." Compl. ¶ 99. But consistent with the Eleventh Amendment, AHAM can maintain that claim against only an official charged with enforcing the requirement that AHAM's members "publish" the message at issue. Because the CDPHE Defendants have no role in the enforcement of the Labeling Requirement, they are entitled to immunity under the Eleventh Amendment.

The only obligation the CDPHE Defendants have under the law relates to publishing a website that contains government speech. Even if the Court concludes that AHAM and its members cannot be obligated to endorse that website through

5

the Labeling Requirement, the government speech doctrine prevents the Court from concluding that the content on the government's website violates the First Amendment or enjoining the CDPHE Defendants from publishing information on a government website. Thus, because the CDPHE Defendants are not, and cannot be, alleged to be committing an ongoing violation of federal law, dismissal is appropriate.

I.  **The CDPHE Defendants are entitled to dismissal because they play no role in enforcing the activity AHAM alleges is unconstitutional.**

The Eleventh Amendment bars AHAM from suing the State of Colorado in federal court. U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States[.]"). It also bars suits against state officials, in their official capacities, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In *Ex parte Young*, the Supreme Court announced a "narrow exception" to this general rule. *Elephant Butte Irr. Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). Where a plaintiff "seeks prospective relief for an ongoing violation of federal law," the Eleventh Amendment does not bar relief. *Anderson*, 119 F.4th at 736.

But to fall within this exception, plaintiffs must show first that they are suing state officials with "some connection with the enforcement of the challenged statute," *id.* (cleaned up), and that they are seeking "prospective relief" to remedy an "ongoing violation of federal law," *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).

Here, AHAM cannot maintain this action against the CDPHE Defendants because they are not involved in the enforcement of the challenged law, and there is no plausible claim that the action they took is an ongoing violation of the First Amendment.

### A. The CDPHE Defendants do not enforce the Labeling Requirement and have disclaimed any enforcement authority.

In challenging the gas stove labeling law under the First Amendment, AHAM alleges that the Labeling Requirement requires its members to "publish and tacitly endorse" both the language on the label itself and the language on CDPHE's website. Compl. ¶¶ 99-100. AHAM does not allege that the website, standing alone, is constitutionally suspect. Instead, it alleges that the Labeling Requirement violates its members' First Amendment rights by requiring them to link to the content of that website. Compl. ¶ 100 ("[T]he labeling requirements *also* force AHAM to speak the messages included on those websites regardless of what they may say initially or over time.").

7

But AHAM has not alleged that the CDPHE Defendants will enforce the Labeling Requirement. Nor could it. The CDPHE Defendants have disclaimed any enforcement authority, and the law explicitly lodges enforcement authority with the Attorney General, local district attorneys, and private parties under the CCPA. § 25-5-1603. *See also Peterson*, 707 F.3d at 1207 (noting that where "a state law explicitly empowers one set of officials to enforce its terms, a plaintiff cannot sue a different official absent some evidence that the defendant is connected to the enforcement of the challenged law").

Instead, the Complaint confirms that CDPHE has disclaimed any enforcement authority under the law. Compl. ¶ 82. And the Complaint implies that the CDPHE Defendants lack authority to enforce the law; in its Prayer for Relief, AHAM limits its request for an injunction prohibiting the enforcement of the law to the Attorney General. Compl. at 35.

Because the CDPHE Defendants have no role in enforcing the Labeling Requirement, they are not subject to the *Ex parte Young* exception and are entitled to immunity from suit.

### B. The CDPHE Defendants' obligation under the law does not plausibly violate federal law.

Even though the CDPHE Defendants do not enforce the Labeling Requirement, they do have one obligation under the law. In addition to requiring retailers to include labels on gas-fueled stoves, the law also requires CDPHE to

"establish a page on the department's public website with credible, evidence-based information on the health impacts of gas-fueled stoves." § 25-5-1602(4). It has done so. Compl. ¶ 85.

But publishing this website, alone, is not a violation of federal law. And AHAM does not allege that the website, alone, violates the First Amendment.

This is because the website is government speech.[1] It is hosted on a "Colorado.gov" website that has always been controlled by the government, it is branded with government insignias, and the content is exclusively "shaped or controlled" by the government. *See generally Shurtleff v. City of Boston*, 596 U.S. 243, 252 (2022) (establishing relevant factors for government speech analysis); *see also Sutliffe v. Epping Sch. Dist.*, 584 F.3d 314, 331 (1st Cir. 2009) (holding that "establishing a town website and then selecting which hyperlinks to place on its website" is government speech); *Page v. Lexington Cnty. Sch. Dist. One*, 531 F.3d 275, 282 (4th Cir. 2008) (holding that school district website is government speech).

Because it is government speech, the website itself is not subject to First Amendment scrutiny. When the government speaks, it "has the right to speak for itself. It is entitled to say what it wishes, and to select the views that it wants to

---

[1] The website is available at https://cdphe.colorado.gov/health-impacts-of-gas-fueled-stoves. Because that website is "central to the plaintiff's claims and referred to in the complaint," and because its "authenticity is not in dispute," the Court can consider the website in ruling on the Motion to Dismiss. *White v. Lucero*, 135 F.4th 1213, 1219 (10th Cir. 2025).

express." *Pleasant Grove City v. Summum*, 555 U.S. 460, 467-68 (2009) (cleaned up). "[P]urely government speech is generally exempt from First Amendment scrutiny." *Advance Colo. v. Griswold*, 99 F.4th 1234, 1240 (10th Cir. 2024) (internal citation omitted).

In its Complaint, AHAM distinguishes between the relief it seeks against the Attorney General and the relief it seeks against the CDPHE Defendants. As to the former, the Complaint seeks an injunction prohibiting the Attorney General from enforcing the Labeling Requirement. Compl. at 35. But as to the CDPHE Defendants, AHAM seeks an injunction prohibiting CDPHE "from publishing on the government website mandated by HB25-1161 any content that would mislead consumers." Compl. at 36.

But the content the government chooses to include on its own website is not subject to First Amendment scrutiny. When the government itself is the speaker, it may "regulate the content of what is or is not expressed," *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 833 (1995), and is "constitutionally entitled to make content-based choices," *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1170 (10th Cir. 2021) (cleaned up). At most, the Court can enjoin officials from enforcing a requirement that AHAM and its members "endorse and publish" speech

with which it disagrees.[2] But that is the injunction AHAM seeks against the Attorney General, not the one it seeks against the CDPHE Defendants. "[A] federal court exercising its equitable authority may enjoin named defendants from taking specified *unlawful* actions." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021) (emphasis added). There is no authority to suggest that the Court can, under the First Amendment and as AHAM asks, enjoin the CDPHE Defendants from the lawful action of choosing what content to place on a government website.

Because the Labeling Requirement requires AHAM and its members to link to that website, its content may be relevant to AHAM's First Amendment claims. But that relevance derives from the Labeling Requirement, not actions taken by the CDPHE Defendants. The alleged threat to AHAM's First Amendment rights is not that the government will include certain content on a website, but that AHAM and its members might be "compelled to endorse and publish" that content themselves by operation of the Labeling Requirement. Compl. ¶ 108. And the Labeling Requirement is not enforced by the CDPHE Defendants. Put differently, an

---

[2] To be clear, neither the Attorney General nor the CDPHE Defendants concede that the Labeling Requirement is unlawful under the First Amendment.

injunction prohibiting the Attorney General from enforcing the Labeling Requirement will fully address AHAM's alleged First Amendment injuries.[3]

The *Ex parte Young* exception to Eleventh Amendment immunity rests on the theory that "if a state official violates federal law, he is stripped of his official or representative character," and "the State cannot cloak the officer in its sovereign immunity." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997) (O'Connor, J., concurring). The logic behind this exception fails if the state official named as a Defendant is not acting unlawfully. And because the CDPHE Defendants' only obligation under the law is to publish a website that is pure government speech, their actions cannot be unlawful under the First Amendment.

## CONCLUSION

The CDPHE Defendants should be dismissed.

---

[3] Because the CCPA includes both public and private enforcement mechanisms, AHAM may be concerned that an injunction against the Attorney General is insufficient to provide full relief. But that concern is irrelevant to the question of whether the CDPHE Defendants are engaged in a violation of federal law. Regardless of what happens in this lawsuit, AHAM and its members will remain subject to CCPA enforcement actions brought by private parties or local district attorneys. In those cases, AHAM and its members will be able to raise their First Amendment challenges to the Labeling Requirement as a defense to the claims against them. *See generally Whole Woman's Health*, 595 U.S. at 49-50 (holding that defendants that lack enforcement authority are entitled to Eleventh Amendment immunity and noting that "many federal constitutional rights are as a practical matter asserted typically as defenses"). Whether the CDPHE Defendants are involved in this action is irrelevant to whether AHAM and its members might face these future enforcement actions.

Respectfully submitted this 27th day of August, 2025.

    PHILIP J. WEISER
    Attorney General

    *s/* Peter G. Baumann
    **Michael Landis**
    First Assistant Attorney General
    Water Quality Unit | Natural Resources & Environment Section
    **Peter G. Baumann**
    Senior Assistant Attorney General
    Public Officials Unit | State Services Section
    **Katherine M. Field**
    Senior Assistant Attorney General
    Consumer Fraud Unit | Consumer Protection Section
    **Pawan Nelson**
    Senior Assistant Attorney General
    Cross-Unit Litigation Team | Civil Litigation & Employment Section
    Colorado Department of Law
    Ralph L. Carr Colorado Judicial Center
    1300 Broadway
    Denver, CO 80203
    Telephone: 720.508.6000
    michael.landis@coag.gov
    peter.baumann@coag.gov
    kate.field@coag.gov
    pawan.nelson@coag.gov

    *Attorneys for Defendants*
    *Counsel of Record

13

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Undersigned counsel certifies that no portion of this filing was drafted by Artificial Intelligence.

**CERTIFICATE OF CONFERRAL**

Counsel for Defendants conferred with counsel for Plaintiff by videoconference on August 25, 2025, concerning the relief requested in this motion. Plaintiff opposes this motion on the grounds, "among others that will be more fully articulated in the opposition to the instant motion, that the CDPHE officials created the new, scientifically inaccurate website because HB25-1161 required them to do so as part of the enforcement framework mandated by the law; they therefore play an integral role in the administration, implementation, and enforcement of the law Plaintiff is challenging; and are necessary parties in order for Plaintiff to obtain the full relief it is seeking in this lawsuit."