IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02417-SKC-KAS

ASSOCIATION OF HOME APPLIANCE MANUFACTURERS,

    Plaintiff,

v.

JILL HUNSAKER RYAN, Executive Director of the Colorado Department of Public Health & Environment (CDPHE), in her official capacity;
JEFF LAWRENCE, Director of the Environmental Health and Sustainability Division of the CDPHE, in his official capacity; and
PHIL WEISER, Colorado Attorney General, in his official capacity,

    Defendants,

and

PHYSICIANS FOR SOCIAL RESPONSIBILITY COLORADO

    Proposed Defendant-Intervenor.

---

**UNOPPOSED MOTION TO
REVISE BRIEFING SCHEDULE
IN LIGHT OF MOTION TO INTERVENE**

---

On August 5, 2025, the Association of Home Appliance Manufacturers ("Plaintiff" or "the Association") filed suit seeking to enjoin enforcement of HB25-1161. (Doc. 9). The same day, the Association filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 1). On August 11, 2025, the Court denied Plaintiff's Motion without prejudice. (Doc. 24). On August 13, 2025,

1

the Court issued an Order adopting a proposed briefing schedule and a stipulation by the parties to a temporary stay of enforcement of HB25-1161 until resolution of a re-filed Motion for Preliminary Injunction (Docket No. 26). Plaintiff refiled the Motion for Preliminary Injunction on August 19, 2025 (Docket No. 27).

Subsequently, Physicians for Social Responsibility Colorado ("PSR Colorado") contacted the parties through counsel expressing its intent to file a Motion to Intervene as a party defendant in this matter. Counsel for Plaintiff and PSR Colorado have engaged in productive conferrals concerning the proposed intervention. Plaintiff and PSR Colorado have agreed that Plaintiff would take no position on the Motion to Intervene if, should the Motion to Intervene (filed herewith) be granted by the Court, PSR Colorado agrees to the following conditions with respect to the pending Motion for Preliminary Injunction in order to ensure minimal disruption to the existing schedule approved by the Court:

- PSR Colorado's opposition brief and supporting declaration(s) to be filed no later than October 6, 2025 ;
- PSR Colorado's opposition brief to be within the 15-page presumptive limit;
- PSR Colorado shall disclose to the parties the identity and CV of any expert it intends to rely upon in support of its opposition brief no later than September 30, 2025 (i.e., opinions/declaration to follow with PSR's brief on October 6);
- PSR Colorado shall not be entitled to fact discovery; and
- Expert depositions, if any, shall be coordinated so that each expert is deposed

in a single day of seven hours on the record.

Counsel for the Plaintiffs and counsel for State Defendants have informed PSR Colorado that both parties agree with the proposed coordination.

WHEREFORE, Proposed Defendant-Intervenor PSR Colorado requests that, should this Court grant the Motion to Intervene filed herewith, the Court also approve the foregoing conditions regarding PSR Colorado's participation in the briefing regarding the pending Motion for Preliminary Injunction. A Proposed Order is attached.

## AI CERTIFICATION

Proposed Defendant-Intervenor PSR Colorado certifies that no portion of this filing was drafted by artificial intelligence.

Dated September 24, 2025.

> */s/ Jeffrey C. Parsons*
> Jeffrey C. Parsons
> Parsons Law Office
> 2205 W. 136th Ave., Ste. 106-311
> Broomfield, CO 80023
> jeff@parsonslawoffice.com
> 720-203-2871
>
> *Counsel Proposed Defendant-Intervenor*

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all current parties to the case.

*/s/ Jeffrey C. Parsons*

4