IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-02417-SKC-KAS

ASSOCIATION OF HOME APPLIANCE MANUFACTURERS,

    Plaintiff,

v.

JILL HUNSAKER RYAN, Executive Director of the Colorado Department of Public Health & Environment (CDPHE), in her official capacity;
JEFF LAWRENCE, Director of the Environmental Health and Sustainability Division of the CDPHE, in his official capacity; and
PHIL WEISER, Colorado Attorney General, in his official capacity,

    Defendants.

v.

PHYSICIANS FOR SOCIAL RESPONSIBILITY COLORADO,

    Intervenor Defendant.

**ORDER GRANTING UNOPPOSED MOTION TO INTERVENE (DKT. 36)**

Before the Court is movant Physicians for Social Responsibility of Colorado's (PSR Colorado) Unopposed Motion to Intervene as Defendant. Dkt. 36. Although the motion is unopposed, the Court nonetheless examines it on the merits to ensure that movant should be permitted to intervene. For the reasons stated below, the Court grants the Unopposed Motion to Intervene.

PSR Colorado seeks to intervene in this action pursuant to Federal Rule of Civil Procedure 24.[1] Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Tenth Circuit has interpreted this to mean that intervention is required under Rule 24(a)(2) when: (1) the application is timely; (2) the movant claims an interest related to the property or transaction which is the subject of the action; (3) the movant's interests may be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (quoting *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001)). "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as of right." *Commodity Futures Trading Comm'n v. Heritage Cap. Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) (citing *N.A.A.C.P. v. New York*, 413 U.S. 345, 369 (1973)).

---

[1] Federal Rule of Civil Procedure 24(b) permits intervention when, on timely motion, a potential intervenor "has a claim or defense that shares with the main action a common question of law or fact" and the intervention will not cause undue delay or prejudice. PSR Colorado argues that it should be permitted to intervene under Rule 24(a) or 24(b). Dkt. 36, p.2-3. Because the Court has found that PSR Colorado can intervene as of right, it will not consider whether PSR Colorado can intervene under Rule 24(b), although the Court believes it is likely that PSR Colorado would meet the 24(b) standard.

However, the Tenth Circuit follows a "liberal approach for intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citing *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)).

Under Rule 24(a)(2), an intervenor must claim "an interest relating to the property or transaction which is the subject of the action." While Rule 24(a) does not specify the nature of the interest required for intervention as a matter of right, "what is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971) (superseded by statute on other grounds). The Tenth Circuit requires that the interest be "direct, substantial, and legally protectable." *Clinton*, 255 F.3d at 1251 (10th Cir. 2001) (quoting *Coalition of Ariz./N.M. Cntys.*, 100 F.3d at 840). Public interest groups have an interest in the subject matter of the litigation and are entitled to intervene as of right "in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). Additionally, the third and fourth factors articulated by the Tenth Circuit present a "minimal burden" to prospective intervenors. *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199-1200 (10th Cir. 2010).

The Court finds that intervention is warranted in this case under Rule 24(a)(2). PSR Colorado filed its Unopposed Motion to Intervene on September 24, 2025, less than two months after AHAM filed its first pleading. Dkt. 36; Dkt. 1. The existing parties will not be prejudiced by permitting PSR Colorado to intervene, and its

3

presence in the case will not affect any of the Court's deadlines given the early stage of the case. PSR Colorado has an interest relating to the property or transaction that is the subject of the action, *i.e.*, Colorado HB25-1161, which requires retailers to place a warning label on gas stoves informing consumers about alleged health implications. PSR Colorado was directly involved in the development of the policy that led to HB25-1161 and has a history of advocating for public health and clean air goals. Dkt. 36, p.9. Thus, it has demonstrated it has an interest in the subject of the action. *See Zinke*, 877 F.3d at 1167 (conservation groups had "an interest in preserving the Leasing Reform Policy that they worked to develop and implement"). The minimal burden PSR Colorado must show with respect to the last two factors has also been met. PSR Colorado has shown that, at a minimum, it is "possible" that its interests might be impaired or impeded and that its interest is not adequately represented. *See Coalition of Ariz./N.M. Cntys.*, 100 F.3d at 844 ("[T]he *stare decisis* effect of the district court's judgment is sufficient impairment for intervention."); *Kane Cnty., Utah v. United States*, 94 F.4th 1017, 1030 (10th Cir. 2024) (expressing doubt about whether the government can "adequately represent the interests of a private intervenor *and* the interests of the public").

\*   \*   \*

For the reasons shared above, PRS Colorado's Unopposed Motion to Intervene (Dkt. 36) is GRANTED.

DATED: November 17, 2025

4

BY THE COURT:

_____
S. Kato Crews
United States District Judge

5