IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02417-SKC-KAS

ASSOCIATION OF HOME APPLIANCE
MANUFACTURERS,

      Plaintiff,

v.

PHIL WEISER, Colorado Attorney General, in his official
capacity,

      Defendant.

v.

PHYSICIANS FOR SOCIAL RESPONSIBILITY
COLORADO,

      Intervenor Defendant

---

## SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference in this case was originally set for September 22, 2025, before Magistrate Judge Kathryn A. Starnella. On September 18, 2025, Magistrate Judge Starnella issued a minute order vacating that scheduling conference in light of Judge Crews's Order Setting Briefing Schedule and Accepting Stipulation to Temporarily Stay Enforcement. Minute Order (Doc. 35) (Sept. 18, 2025) (citing Order (Doc. 26) (Aug. 13, 2025)). Under Judge Crews's August 18, 2025

Order, "[a]ll case management and initial disclosure deadlines arising under Rule 16 or Rule 26 [were] stayed" pending resolution of Plaintiff's Motion for a Preliminary Injunction. Order (Doc. 26) at 2.

On December 19, 2025, Judge Crews granted the Motion for a Preliminary Injunction. Order (Doc. 51) at 1. As a result, the Attorney General, together with any employees or agents and all those acting in privity or concert with the Attorney General, is currently enjoined "from implementing or enforcing Colorado House Bill 25-1161." *Id.* at 26. Since that decision, the parties have engaged in conferrals. At this time, a Scheduling Conference is not set. Nonetheless, the parties submit this proposed Scheduling Order to guide further proceedings in this matter. The parties are available for a scheduling conference at the Court's earliest convenience.

Appearing on behalf of Plaintiff:

Frederick R. Yarger
Andrew M. Unthank
Herman J. Hoying
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
yarger@wtotrial.com
unthank@wtotrial.com
hoying@wtotrial.com

Appearing on behalf of Defendant:

Michael Landis
  First Assistant Attorney General
Peter G. Baumann
Katherine M. Field

Pawan Nelson
  Senior Assistant Attorneys General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720-508-6000
Michael.landis@coag.gov
Peter.baumann@coag.gov
Kate.field@coag.gov
Pawan.nelson@coag.gov

Appearing on behalf of Intervenor-
Defendant
Jeffrey C. Parsons
Parsons Law Office, LLC
2205 West 136th Avenue, Suite 106-311
Broomfield, CO 80023
Direct: 720-203-2871
Email: jeff@parsonslawoffice.com

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over AHAM's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and 42 U.S.C. § 1983, because AHAM alleges violations of its rights under the First Amendment to the U.S. Constitution and seeks only prospective relief and reasonable attorneys' fees and costs under 42 U.S.C. §§ 1983 and 1988. The Court may award declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2022, as well as any other equitable relief it deems appropriate under its inherent powers.

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiff:

This case presents a single claim that can be resolved based on the text of a government-mandated compelled disclosure, which includes a website created by the Colorado Department of Public Health & Environment ("CDPHE"), and publicly available scientific literature.

Plaintiff Association of Home Appliance Manufacturers ("AHAM") is a trade association whose members include manufacturers of gas and electric cooking products. AHAM initiated this action to protect its members' First Amendment right to be free from the unconstitutional compelled speech mandated by Colorado House Bill 25-1161.

HB25-1161 requires AHAM's members to disseminate a controversial, factually misleading message about the purported "health impacts" of gas stoves that lacks scientific consensus and contradicts the views of the World Health Organization and federal regulators. Specifically, HB25-1161 requires AHAM's members to label new gas stoves sold in Colorado with a government-mandated warning stating, "UNDERSTAND THE AIR QUALITY IMPLICATIONS OF HAVING A GAS STOVE." This warning must be accompanied by a "link" or "QR code" directing consumers to a website created by the CDPHE that describes purported "Health Risks from Indoor Air Pollution Associated with Gas Stoves." The website—which lists severe health outcomes (including "some cancers, such as leukemia")—was

developed at the State's sole discretion, can be changed without notice, and links to content from private third-party groups representing a small, misleading subset of available information on gas stoves. The overwhelming majority of health research shows no association between gas stoves and adverse health outcomes. Indeed, the vast majority of studies conclude that cooking with gas poses no greater risk than cooking with electricity. Unless AHAM's members disseminate the misleading label and website, HB25-1161 exposes them to severe consequences, including potential civil lawsuits and government enforcement actions seeking damages and penalties. Colo. Rev. Stat. §§ 6-1-110, -112(b) -113.

Under settled law, this case can be resolved based on the text of the HB25-1161 disclosures, which includes the CDPHE website, and the publicly available scientific record alone. HB25-1161 does not qualify for less-exacting First Amendment scrutiny under *Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*, 471 U.S. 626, 637 (1985). To fall within *Zauderer*, a compelled disclosure must be limited to "purely factual and uncontroversial information." *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755, 768 (2018). As the Court recognized in granting AHAM's Motion for Preliminary Injunction, HB25-1161 is not subject to *Zauderer* review; it is subject to, and invalid under, strict scrutiny. Current scientific literature—catalogued by three expert declarations already in the record—shows that the HB25-1161 disclosures are scientifically "controversial." Order (Doc. 51) (Dec. 19, 2025) at 15-23. Further, "the statements on the [CDPHE] webpage about

health impacts [may also be] so misleading as to render" them "untrue," independently failing *Zauderer's* "purely factual" requirement. Order (Doc. 51) (Dec. 19, 2025) at 15 n.6.

**b. Defendant:**

The Attorney General's position on Plaintiff's claims is laid out in detail in its opposition to Plaintiff's Motion for a Preliminary Injunction (Doc. 39) (Sept. 30, 2025), and the Attorney General incorporates that pleading here.

Specifically, HB25-1161 requires certain entities to provide factual, noncontroversial information about products those entities are offering for sale. It does so in two ways. First, retailers must include a label on new gas stoves offered for sale that says: "Understand the air quality implications of having an indoor gas stove." For online sales, the same language must be prominently displayed on the website where the sale occurs. Second, the label must include a QR code (or a link, for online sales) that directs to a website established by the Colorado Department of Public Health and the Environment with "credible, evidence-based information on the health impacts of gas-fueled stoves."

These requirements are subject to a lower level of scrutiny under *Zauderer v. Off. of Disciplinary Counsel of Sup. Ct. of Ohio*, 471 U.S. 626, 637 (1985), and its progeny. The Act satisfies that scrutiny because it is reasonably related to the state's interest in public health and is not unjustified or unduly burdensome. And in the event the Act is not subject to *Zauderer* scrutiny, it is not automatically subject to

strict scrutiny, but is instead subject to intermediate scrutiny under *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557 (1980), which it satisfies.

### c. Intervenor-Defendant:

Intervenor's position on Plaintiff's claims is set forth in its Response to Plaintiff's Motion for Preliminary Injunction (Doc. 41) (Sept. 30, 2025). Intervenor incorporates its Response here. Like the State Defendants, Intervenor contends that Plaintiff's First Amendment challenge is subject to a lower level of scrutiny under *Zauderer v. Off. of Disciplinary Counsel of Sup. Ct. of Ohio*, 471 U.S. 626, 637 (1985), and its progeny, and that the challenged legislation satisfies that scrutiny. Along with its Response to Plaintiff's Motion for Preliminary Injunction, Intervenor submitted declarations from two expert witnesses demonstrating that the notice required by the challenged legislation contains only purely factual and scientifically noncontroversial information.  Further, Intervenor contends that even if *Zauderer* does not control, Plaintiff's challenge is subject at most to intermediate scrutiny under *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557 (1980), and its progeny, which the legislation satisfies.

### 4.  UNDISPUTED FACTS

The parties will attempt in good faith to reach a robust set of factual stipulations as the case proceeds.

## 5.  COMPUTATION OF DAMAGES

Plaintiff is not seeking money damages, but it seeks its costs and reasonable attorneys' fees as permitted by law.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting:**

January 27, 2026

**b.  Names of each participant and party he/she represented:**

Plaintiff Association of Home Appliance Manufacturers, represented by Frederick Yarger, Andrew Unthank, and Herman Hoying of Wheeler Trigg O'Donnell LLP.

Defendant Attorney General Phil Weiser in his official capacity, represented by Mike Landis and Peter Baumann.

Intervenor-Defendants Physicians for Social Responsibility Colorado, represented by Jeff Parsons of Parsons Law Office.

**c.  Statement of when Rule 26(a)(1) disclosures were made or will be made.**

April 1, 2026

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties have stipulated that the Rule 26(a)(1) disclosures shall be made on or before April 1, 2026.

**e. Statement concerning any agreements to conduct informal discovery.**

The parties do not have any agreements to conduct informal discovery; the parties, however, are amenable to exploring ways to streamline and expedite the proceedings.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to work together to avoid duplicative exhibits.

The parties anticipate that each party is likely to require two testifying experts, whether retained or non-retained.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiff's Position: As explained above, AHAM respectfully submits that the single claim in this case is narrow and unlikely to require extensive discovery. As demonstrated by the briefing and order on AHAM's Motion for Preliminary Injunction, the disputed issues are grounded in the text of the compelled disclosures and publicly available scientific literature. For these reasons, AHAM does not believe that substantial disclosure of electronically stored information maintained by the parties is necessary.

The determination of whether scientific consensus supports the mandated disclosures is dispositive of AHAM's First Amendment claim. As is typical of similar First Amendment challenges to mandatory disclosure laws, this case likely can be resolved almost exclusively based upon the testimony of expert witnesses, including

the experts within CDPHE responsible for researching, creating, or approving the website mandated by HB25-1161. Given that the State-compelled speech at issue includes the website created and published exclusively by CDPHE, however, AHAM anticipates that discovery will involve some electronically stored information from CDPHE.

Defendant's Position:  The Attorney General anticipates that discovery in this matter will involve a moderate to small amount of electronically stored information within his custody or control. The Attorney General anticipates that discovery in this matter will involve a moderate amount of electronically stored information within AHAM's custody or control.

Intervenor-Defendant's Position: Intervenor does not believe discovery in this matter will involve any material electronically stored within Intervenor's custody or control. Otherwise, Intervenor adopts the position of the Attorney General with respect to discovery of electronically stored information.

* * *

The parties have, since at least the filing of the original Complaint, notified their custodians of information that they must preserve electronically stored information, including emails, text or instant messages, or other communications, related to HB25-1161.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Despite good-faith communications, the parties are unable to see a basis

between themselves upon which the case can be promptly settled or resolved at this time.

### 7.  CONSENT

At least one party has not consented to the exercise of jurisdiction of a magistrate judge.

### 8.  DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Regarding depositions, the parties disagree over the presumptive ten (10) deposition limit in Rule 30(a)(2):

Plaintiff's Position: As explained above, AHAM respectfully submits that, under settled law, the determination of whether or not scientific consensus supports the mandated disclosures is dispositive of its First Amendment claim. This matter— similar to the Motion for Preliminary Injunction—likely can be resolved almost exclusively based upon the testimony of expert witnesses, including experts within CDPHE responsible for researching, creating, or approving the website mandated by HB25-1161. AHAM thus disagrees with the Attorney General's position that ten fact depositions—in addition to the depositions of the parties' designated experts—is proportional to the needs of this case. Indeed, AHAM is skeptical that substantial fact discovery from the parties, let alone a significant number of depositions, is necessary. Barring an unexpected expansion of the scope of fact discovery by Defendant, AHAM anticipates that, aside from expert depositions, the only fact

deposition it will require is a Rule 30(b)(6) deposition of CDPHE. Similarly, AHAM believes that, to the extent Defendant requires fact discovery from AHAM, it can be obtained through a Rule 30(b)(6) deposition of AHAM.

Defendant's position: In addition to reserving the right to depose all of Plaintiff's expert witnesses (retained and non-retained), Defendant seeks to depose up to ten fact witnesses. Although the Attorney General is optimistic that such depositions will not be necessary, that will depend on the degree to which relevant information is within the custody and control of AHAM—an association—or instead is diffused amongst its members.

Intervenor-Defendant's Position: Intervenor adopts the position of the Attorney General with respect to depositions of fact witnesses.

Regarding interrogatories, the Parties propose the limitations set forth in Federal Rule of Civil Procedure 33. **\*Based on anticipated depos listed on pages 14 and 15, the Court sets a depo limit of 5 fact witnesses per side plus retained and nonretained experts.\***

**b. Limitations which any party proposes on the length of depositions.**

The Parties propose that a deposition day be limited to seven hours in compliance with Fed. R. Civ. P. 30(d)(1) unless otherwise agreed by the parties.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties propose limiting requests for production and requests for admission to 25 per side.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** September 30, 2026

Plaintiff's Position: June 1, 2026.

Defendant's Position: September 30, 2026.

Intervenor's Position: September 30, 2026.

**e. Other Planning or Discovery Orders**

N/A

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

Plaintiff's Position: March 15, 2026    April 15, 2026

Defendant's Position: April 15, 2026

Intervenor's Position: April 15, 2026

**b. Discovery Cutoff:**

Plaintiff's Position: October 1, 2026    December 23, 2026

Defendant's Position: December 23, 2026

Intervenor's Position: December 23, 2026

**c. Dispositive Motion Deadline:**

Plaintiff's Position: November 1, 2026

Defendant's Position: January 29, 2027

Intervenor's Position: January 29, 2027

**\*\*Per SKC practice standards, no later than 10 days after the close of discovery, a party intending to file a motion for summary judgment must meaningfully confer with the opposing party and jointly contact chambers by email to set a pre-motion status conference with the Court. Also, a deadline for the filing of Rule 702 motions will be set after all dispositive motions have been ruled on.\*\***

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

The parties anticipate that each party is likely to require two expert witnesses on the topic of the air quality implications, if any, of having an indoor gas stove.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The Parties propose a limit of <u>two</u> experts per side, retained or non-retained, absent a showing of good cause or by agreement of the parties.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** **August 1, 2026**

<u>Plaintiff's Position</u>:  July 15, 2026

<u>Defendant's Position</u>:  August 1, 2026

<u>Intervenor's Position</u>: August 1. 2026

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** **October 1, 2026**

<u>Plaintiff's Position</u>:  September 1, 2026

<u>Defendant's Position</u>:  October 1, 2026

<u>Intervenor's Position</u>: October 1, 2026

**e. Identification of Persons to Be Deposed:**

<u>Plaintiff plans to depose</u>:

- a Rule 30(b)(6) designee of CDPHE; and

- any expert disclosed by Defendant or Defendant-Intervenor.

Plaintiff reserves the right to depose any other fact witness disclosed by Defendant or Defendant-Intervenor or individuals with relevant information identified during discovery.

Defendant plans to depose:

- Any expert disclosed by Plaintiff;

- Plaintiff;

- One or more of Plaintiff's member companies;

- Jacob Cassady;

- Randy Cooper

Defendant reserves the right to depose individual(s) identified during discovery as likely to have discoverable information.

Intervenor-Defendant plans to depose:

- Any expert disclosed by Plaintiff;

- Plaintiff;

- One or more of Plaintiff's member companies;

- Jacob Cassady;

- Randy Cooper

Intervenor reserves the right to depose individual(s) identified during discovery as likely to have discoverable information.

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

TBD

_____, 20__ at __ o'clock ____m.

**b.  A final pretrial conference will be held at the following date and time:** **See SKC practice standards for setting of final pretrial/trial prep conference and trial and for any other deadlines therein.****

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

As reflected above, the parties have two outstanding disputes. First, concerning depositions, Plaintiff proposes limiting depositions to expert depositions and 30(b)(6) depositions of Plaintiff and the Colorado Department of Public Health and the Environment. Defendants, including the Intervenor-Defendant, propose adopting the presumptive limit of 10 fact witness depositions in addition to depositions of any retained or non-retained experts.

Second, the parties disagree over the length of time necessary for discovery. Plaintiff respectfully submits that substantial fact discovery from the parties is unnecessary. Defendants, including the Intervenor-Defendant, submit that the full scope of fact discovery is not yet clear and will depend largely on what information is within the custody or control of AHAM—an association—as opposed to within the control of its members. Defendants also submit that an expedited discovery timeline is unnecessary given that the labeling requirement to which AHAM's members would

otherwise be subject is currently enjoined.

**b. Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff believes that this matter may be resolved on cross-motions for summary judgment, as is typical of similar First Amendment challenges to mandatory disclosure laws. To the extent a trial is required, the Parties anticipate a four-day bench trial to the Court.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with & **Magistrate Judge discovery dispute procedures.** D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this __9th__ day of ___March___, 2026.

BY THE COURT:

_____

U.S. Magistrate Judge Kathryn A. Starnella

APPROVED:
WHEELER TRIGG O'DONNELL LLP

PHILIP J. WEISER
Attorney General

*s/ Herman J. Hoying*
Frederick R. Yarger
Andrew M. Unthank
Herman J. Hoying
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
yarger@wtotrial.com
unthank@wtotrial.com
hoying@wtotrial.com


*Attorneys for Plaintiff*

*s/ Peter G. Baumann*
Michael Landis
First Assistant Attorney General
  Water Quality Unit | Natural
  Resources & Environment Section
Peter G. Baumann
Senior Assistant Attorney General
  Public Officials Unit | State Services
  Section
Katherine M. Field
Senior Assistant Attorney General
  Consumer Fraud Unit | Consumer
  Protection Section
Pawan Nelson
Senior Assistant Attorney General
  Cross-Unit Litigation Team | Civil
  Litigation & Employment Section
Colorado Department of Law
Ralph L. Carr Colorado Judicial
  Center
1300 Broadway
Denver, CO 80203
Telephone:  720.508.6000
michael.landis@coag.gov
peter.baumann@coag.gov
kate.field@coag.gov
pawan.nelson@coag.gov

*Attorneys for Defendants*
*Counsel of Record

*s/ Jeffrey C. Parsons*

Jeffrey C. Parsons
Parsons Law Office, LLC
2205 West 136th Avenue, Suite 106-311
Broomfield, CO 80023
Direct: 720-203-2871
Email: jeff@parsonslawoffice.com

*Attorneys for Intervenor-Defendant*